## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LARRY HOWARD,

     Plaintiff,

   v.                        Case Number 2:17-CV-13084
                                   HONORABLE PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE

SHANE PLACE,

     Defendant,

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED
## WITHOUT PREPAYMENT OF FEES
## AND COSTS AND DISMISSING COMPLAINT

      This matter is before the Court on plaintiff's *pro se* civil rights complaint filed

pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Baraga Maximum

Correctional Facility in Baraga, Michigan. Upon review of plaintiff's case and his

litigation history in the federal courts, this Court concludes that his case must be

dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

      Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall

require the parties instituting any civil action, suit or proceeding in such court,

whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See*

*also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide

the $350.00 filing fee, plus a $ 50.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A review of federal court records indicates that the plaintiff has four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Howard v. United States,* 2:14-CV-99 (W.D. Mich. Dec. 5, 2014); *Howard v. Horton*, No. 2:14-CV-127, 2014 WL 3519110 (W.D. Mich. July 15, 2014)*; Howard v. United States*, No. 2:13-CV-340, 2014 WL 801423 (W.D. Mich. Feb. 28, 2014); *Howard v.Mich.Dep't ofCorr. et al*., No. 2:11-CV-12630 (E.D. Mich. Aug. 9, 2011).

In addition, plaintiff has twice been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these frivolity dismissals. *See Howard v. Woods, et. al.,* No. 2:14-CV-126 (WD. Mich. Oct. 23, 2014); *Howard v. Horton,* 2:14-CV-182 (W.D. Mich. Oct. 1, 2014).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has had at least four prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, plaintiff was subsequently informed by federal district judges on two different occasions that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to

the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his four prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002).

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since plaintiff has had four prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

IT IS HEREBY **ORDERED** that the plaintiff's *in forma pauperis* status is **DENIED** and the complaint [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by the plaintiff would not be done in good faith.

**IT IS SO ORDERED.**

<div style="margin-left:40%">
s/Paul D. Borman<br>
Paul D. Borman<br>
United States District Judge
</div>

Dated: October 24, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 24, 2017.

s/Deborah Tofil
Case Manager