UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HOWARD,

    Plaintiff,

    v.                              Case Number 2:17-CV-13084
                                    HONORABLE PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

SHANE PLACE,

    Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 6)
FILED SUBSEQUENT TO COURT'S DISMISSAL
OF HIS CIVIL RIGHTS CASE (ECF NO. 6)</u>**

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On October 24, 2017, this Court dismissed the case without prejudice pursuant to 28 U.S.C. § 1915(g), because plaintiff had four prior civil rights cases that had been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. (ECF No. 5, Opinion and Order Denying IFP and Dismissing Case.)

Plaintiff filed a motion for summary judgment, in which he seeks habeas relief from his conviction pursuant to 28 U.S.C. § 2254. The motion is denied

1

without prejudice to plaintiff filing a petition for writ of habeas corpus in a new case.

This Court will not convert plaintiff's civil rights complaint into a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

Accordingly, the motion for summary judgment (ECF No. 6) is DENIED. The denial is without prejudice to plaintiff filing a petition for writ of habeas corpus under a new case number.

**SO ORDERED.**

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: November 8, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2017.

s/Deborah Tofil  
Case Manager